IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LANEY HARRIS and                                                    PLAINTIFFS
KEITH BURSEY

vs.                                  Civil No. 4:12-cv-04050

CITY OF TEXARKANA, ARKANSAS ET AL.                      DEFENDANTS

**REPORT AND RECOMMENDATION
OF A UNITED STATES MAGISTRATE JUDGE**

Before this Court is Plaintiffs' Motion for Temporary Restraining Order and in the

Alternative Motion for Preliminary Injunction.  ECF No. 3.  On July 9, 2012, this case was referred

to this Court by the Honorable Susan O. Hickey pursuant to 28 U.S.C. § 636(b)(1).  Having

considered the arguments by the Parties and the relevant briefing, this Court finds Plaintiffs are not

entitled to a temporary restraining order or a preliminary injunction, and this Court recommends

Plaintiffs' Motion be **DENIED.**

1.    **Background**

Plaintiffs filed their Motion on May 4, 2012.  ECF No. 3.  This Court held a hearing in this

matter on September 4, 2012 to fully consider the arguments of the Parties.  At this hearing,

Plaintiffs proceeded *pro se,* and Defendants[1] were represented by counsel.  Defendants did not file

a response to this Motion, but Defendants did provide this Court with post-hearing briefing.

With their Motion, Plaintiffs seek to enjoin the City of Texarkana, Arkansas from towing

---

[1] It appears only separate Defendants City of Texarkana, Arkansas, Mayor Smith, and Paul Hackelman were
represented by counsel at the hearing in this matter.  No appearance of counsel has been entered on behalf of Loyd
Green or Loyd Green Wrecker Service, Inc.

vehicles from private property pursuant to Section 15-71 ("Removal and impounding of vehicles; notice; right of entry") of the City of Texarkana, Arkansas Code of Ordinances.  Plaintiff Laney Harris ("Harris") represented at the hearing in this matter that the City of Texarkana, Arkansas attempted to tow his vehicle on several different occasions pursuant to this section.  Plaintiff Keith Bursey ("Bursey") represented at the hearing in this matter that his vehicle was actually towed pursuant to this section.

2.    **Applicable Law**

Under Federal Rule of Civil Procedure 65, a federal district court is authorized to grant a preliminary injunction or a temporary restraining order.  In order to determine whether such relief should be granted, the court should consider the following four factors: (1) the threat of irreparable harm to the movant, (2) the balance between this harm and the injury that granting the injunction will inflict on the other parties; (3) the probability that movant will succeed on the merits; and (4) the public interest.  *See Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981).

In balancing these four factors, no single factor is determinative.  *See Dataphase Sys., Inc.,* 640 F.2d at 113.  However, the movant is *always* required to show the threat of irreparable harm in order to establish that he or she is entitled to this injunctive relief.  *See id.* at 114 n.9.  The Eighth Circuit has held "the absence of a finding of irreparable injury is alone sufficient ground for vacating the preliminary injunction."  *Id.  See Bacon Theatres, Inc. v. Westover,* 359 U.S. 500, 506-07 (8th Cir. 1959) (holding that "[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies").

A party cannot establish that he or she suffers from the "threat of irreparable harm" and is entitled to injunctive relief when that party has an adequate remedy at law.  *See Adam-Mellang v.*

*Apartment Search, Inc.,* 96 F.3d 297, 300 (8th Cir. 1996). For example, a party does not suffer from the threat of irreparable harm and is not entitled to injunctive relief when that party can be compensated by damages and other legal relief if he or she ultimately prevails in the action. *See id.* Whether a party suffers from a threat of irreparable harm is a fact issue that the party seeking the preliminary injunction must prove. *See id. See also Rittmiller v. Blex Oil, Inc.,* 624 F.2d 857, 862 (8th Cir. 1980). The determination of whether a party suffers from a threat of irreparable harm or whether that party is entitled to an injunction is within the discretion of the trial court judge. *See Rittmiller,* 624 F.2d at 862. *See also Integrated Health Services of Cliff Manor, Inc. v. THCI Co., LLC,* 417 F.3d 953, 958 (8th Cir. 2005).

3.   **Discussion**

In the present action, Plaintiffs claim they are entitled to a temporary restraining order or a preliminary injunction enjoining the City of Texarkana, Arkansas from towing vehicles from private property. Notably, Plaintiffs claim they will suffer irreparable harm if such an injunction is not granted. Upon review of the record, however, this Court finds Plaintiffs have not met their burden of demonstrating they will likely suffer irreparable harm if relief is not immediately granted. Accordingly, as outlined in further detail below, they are not entitled to immediate injunctive relief.

As an initial matter, it is important to note that this report and recommendation addresses only the preliminary issue of whether Plaintiffs are entitled to immediate injunctive relief. This report and recommendation should not be interpreted as a final order as to Plaintiffs' claims. The merits of this case will be more thoroughly evaluated and considered as it proceeds through discovery and potentially trial. At this stage in the litigation, this Court is only presented with the limited issue as to whether immediate relief is necessary. In making that determination, this Court

is bound to follow the rules set forth in the Federal Rules of Civil Procedure, and the rulings of other courts, including the United States Court of Appeals for the Eighth Circuit.

In the present action, Plaintiff Harris represented at the hearing in this matter that the City of Texarkana, Arkansas attempted to tow his vehicle from his property on several different occasions. Plaintiff Bursey represented his vehicle had been towed in the past, but he now stores his vehicle in his fenced backyard. After considering these representations, this Court finds Plaintiffs have neither (1) demonstrated they will likely suffer harm in the future nor (2) demonstrated any harm suffered would be irreparable.

First, Plaintiffs have not demonstrated they will likely be harmed by the enforcement of this section. Indeed, while it is certainly within the realm of possibility that their vehicles could be towed in the future, such a possibility is not sufficient to demonstrate a threat of harm. *See Brady v. Nat'l Football League,* 640 F.3d 785, 795 (8th Cir. 2011) (recognizing that "[i]mplicit in each of these principles [in proving irreparable harm] is the further requirement that the [NFL] substantiate the claim that irreparable injury is 'likely' to occur . . . [by] provid[ing] proof that the harm has occurred in the past and is likely to occur again, or proof indicating that the harm is certain to occur in the near future") (internal citations and quotations omitted).

Second, and more importantly, Plaintiffs have not demonstrated this proposed harm is irreparable. Even if the City of Texarkana, Arkansas did tow their vehicles, they have not demonstrated that they could not recover their vehicles by paying the applicable towing fees and other fines. Plaintiff Bursey even testified that he recovered his vehicle in the past by paying these fees. If a plaintiff can be compensated by recovering monetary damages after a vehicle is unlawfully towed, that plaintiff has an adequate remedy at law and cannot establish a threat of irreparable harm.

4

*See Packard Elevator v. I.C.C.,* 782 F.2d 112, 115 (holding that "[i]t is also well settled that economic loss does not, in and of itself, constitute irreparable harm . . . .").

4.     <u>**Conclusion**</u>

Based upon the briefing submitted by the Parties and the arguments made at the hearing on September 4, 2012,  this Court finds Plaintiffs have not met their burden of establishing they will suffer irreparable harm if immediate relief is not granted.  Therefore, Plaintiffs have not met their burden of establishing that they are entitled to injunctive relief pursuant to Federal Rule of Civil Procedure 65.  Accordingly, the undersigned recommends that Plaintiffs' Motion (ECF No. 3) be **DENIED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 10th day of September 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE