IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LANEY HARRIS and
KEITH BURSEY                                                                                         PLAINTIFFS

vs.                                          Civil No. 4:12-cv-04050

CITY OF TEXARKANA, ARKANSAS *et al*.                                              DEFENDANTS

# ORDER

Before the Court is the Report and Recommendation filed October 16, 2012 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 13). Judge Bryant has reviewed Plaintiffs' Motion for Temporary Restraining Order, and in the alternative, Motion for Preliminary Injunction. (ECF No. 3). Judge Bryant recommends denying the motion. Plaintiffs have filed an objection to Judge Bryant's Report. (ECF No. 14). The matter is ripe for the Court's consideration.

Plaintiffs seek to enjoin the City of Texarkana, Arkansas from towing vehicles from their private property pursuant to a city ordinance. Plaintiffs claim that Defendants' actions violate their Fourth, Fifth, and Fourteenth Amendment rights. Judge Bryant recommends denying Plaintiffs' motion because they failed to show the threat of irreparable harm required to receive injunctive relief. Plaintiffs object to Judge Bryant's report on what appears to be three grounds.[1]

First, Plaintiffs argue that Judge Bryant failed to consider all four factors of injunctive relief in recommending their motion be denied. Second, Plaintiffs maintain that they face

---

[1] Plaintiffs appeared before Judge Bryant in this matter as *pro se* plaintiffs. In their objection to Judge Bryant's report, Plaintiffs primarily reassert the merits of their case. As to the threat of irreparable harm issue, the Court construes Plaintiff's objection to include three arguments.

irreparable harm because the average person is incapable of paying the fee necessary to retrieve his vehicle once it has been towed. Third, Plaintiffs contend that when a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary. Because none these objections overcome the absence of irreparable harm to Plaintiffs, the Court adopts Judge Bryant's report as its own.

First, there are four factors that must be shown before injunctive relief may be granted: "(1) the likelihood of the movant's success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between that harm and the harm that the relief would cause to the other litigants; and (4) the public interest." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). Plaintiff is correct to argue that all four of these factors are required. Failure to show irreparable harm by itself, however, "is an independently sufficient ground upon which to deny a preliminary injunction." *Id.* Therefore, Judge Bryant was not required to address the other three factors once he concluded that Plaintiffs presented no irreparable harm. For that reason, Plaintiffs' first objection lacks merit.

Second, Plaintiffs' argument that the average person lacks the ability to pay a towing fee is misplaced. The "average person" is not the standard by which the Court measures irreparable harm. Rather, it is the movant's potential harm that establishes whether injunctive relief is proper. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981). Here, the Court has not certified a class of plaintiffs that would somehow implicate harm to the average person. More importantly, Plaintiffs' own conduct demonstrates the absence of irreparable harm. Plaintiff Bursey testified that, after his vehicle was towed, he paid the fee to retake possession of his vehicle. That circumstance does not establish irreparable harm, but instead, suggests that Plaintiffs may have a remedy at law. *See Packard Elevator v. I.C.C.,* 782 F.2d 112, 115 (8th Cir.

1986) (finding injunctive relief improper when a remedy at law is otherwise available). Plaintiffs can recover damages for any towing fees they have paid if the Texarkana city ordinance is later found unlawful when this case is decided on the merits.

Third, the mere fact that Plaintiffs allege a constitutional deprivation does not dispense with the irreparable harm requirement for granting injunctive relief. Plaintiffs cite two out of circuit cases that purportedly stand for the proposition that a showing of irreparable harm is not necessary when constitutional violations are at stake. *See Cambell v. Miller*, 373 F.3d 834, 840 (7th Cir. 2004) (J. Williams, dissenting); *Mitchell v. Cuomo,* 748 F.2d 804, 806 (2d Cir.1984). The Eighth Circuit has not adopted such a rule. But even so, the rule has no application in this case where Plaintiffs appear to have an adequate remedy at law. *See Cambell*, 373 F.3d at 835 (holding that damages are a "normal, and adequate, response to an improper search or seizure" in violation of the Fourth Amendment). Therefore, Plaintiffs' third objection also lacks merit.

Accordingly, the Court finds that Plaintiffs have failed to demonstrate a threat of irreparable harm. The Court therefore adopts Judge Bryant's Report and Recommendation in its entirety. Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 5th day of December, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge