IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LANEY HARRIS, KEITH BURSEY,
and FRED BURSEY                                                                       PLAINTIFFS


vs.                                    Civil No. 4:12-cv-04050

CITY OF TEXARKANA, ARKANSAS,
N. WAYNE SMITH, PAUL HACKELMAN,
BUBBA GREEN,
BUBBA GREEN TOWING & AUTOMOTIVE CENTER,
NINA WALKER, and BRENDA JOYCE GREEN                              DEFENDANTS

**REPORT AND RECOMMENDATION
OF A UNITED STATES MAGISTRATE JUDGE**

Before the Court is Separate Defendants' Motion for Summary Judgment. ECF No. 56. This Motion was filed by Defendants City of Texarkana, Arkansas; N. Wayne Smith; Paul Hackleman; Nina Walker; Bubba Green; and Bubba Green Towing & Automotive Center.[1] Defendants filed this Motion on January 14, 2014. *Id.* On January 28, 2014, Plaintiffs responded to this Motion. ECF No. 64. This Motion is now ripe for consideration.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to the Court for the purpose of making a report and recommendation. In accordance with that referral, and consistent with the following reasoning, the Court recommends Separate Defendants' Motion for Summary Judgment (ECF No. 56) be **GRANTED** in its entirety.

**1.     Background:**

Plaintiffs originally filed their *pro se* Complaint in this matter on May 4, 2012. ECF No. 1.

---

[1] The Court will refer to these separate Defendants simply as "Defendants" for purposes of this Report and Recommendation.

Thereafter, Plaintiffs filed a First Amended Complaint (ECF No. 26) and a Second Amended Complaint (ECF No. 76). Thus, the current Complaint before the Court is Plaintiff's sixty-five page Second Amended Complaint. *See In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir. 2000) (recognizing that "[i]t is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

In their Second Amended Complaint, Plaintiffs raise a number of allegations. ECF No. 76. Specifically, Plaintiffs allege the following[2]: (1) civil rights violations pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985; (2) Arkansas Governmental Tort Liability Act violation, Ark. Code Ann. § 21-9-301; (3) state-law claim of conversion; and (4) Arkansas Governmental Tort Liability Act violation, Ark. Code Ann. § 16-55-205. *Id.*

Thereafter, Defendants filed the current Motion for Summary Judgment. ECF No. 56. With

---

[2] In their Second Amended Complaint, Plaintiffs label these as the following eighteen (Plaintiffs allege there are seventeen but there are actually eighteen) counts (I to XVIII): (I) "Violation of civil rights pursuant to Title 42 U.S.C. § 1983 (general allegations constitution protected rights)"; (II) "Violation of civil rights pursuant to Title 42 U.S.C. § 1983 (failure to implement appropriate policies, customs and practices)"; (III) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (Abuse of Police Power)"; (IV) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983, § 1985 (Retaliation)"; (V) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983, § 1985 (Public Humiliate)"; (VI) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (Separation of Power)"; (VII) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (Race and nation origin)"; (VIII) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (Void for vagueness doctrine)"; (IX) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (Deprivation of Property without Due Process of Law)"; (X) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (Bad Faith)"; (XI) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (Malicious Prosecution)"; (XII) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (Failure to train and supervise)"; (XIII) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 and § 1985 (Conspiracy)"; (XIV) "Arkansas Governmental Tort Liability Act Pursuant to A.C.A. § 21-9-301/Arkansas Common Law (Negligence)"; (XV) "Arkansas Governmental Tort Liability Act Pursuant to A.C.A. § 21-16-301/Arkansas Common Law (Negligent Supervision)"; (XVI) "Arkansas Governmental Tort Liability Act Pursuant to A.C.A. § 21-9-301/Arkansas Common Law (Conspiracy)"; (XVII) "Arkansas Governmental Tort Liability Act Arkansas Common Law (Conversion)"; and (XVIII) "Arkansas Governmental Tort Liability Act Pursuant to A.C.A. § 16-55-205/Arkansas Common Law (Acting in concert)." For ease of reference, the Court has condensed these allegations into the four different categories listed above.

this Motion, Defendants attached supporting documentation: (A) City of Texarkana, Arkansas Ordinances 15-70 and 15-71; (B) minutes from the City of Texarkana, Arkansas meeting on November 21, 2011; (C) the affidavit of Bubba Green; and (D) the affidavit of Paul Hackleman. *Id.*

In their Motion, Defendants claim they are entitled to summary judgment as to all of Plaintiffs' claims against them. ECF No. 57. Specifically, Defendants argue Plaintiffs were given due process prior to their vehicles being towed, and Plaintiffs have raised no genuine issues of material fact. *Id.* Plaintiffs responded to Defendants' Motion on January 28, 2014. ECF No. 64. With their response, Plaintiffs claim their case should not be dismissed because fact issues remain as to their claims against Defendants. *Id.*

On February 26, 2014, after Defendants' Motion was filed, Plaintiffs were granted leave to file their Second Amended Complaint. ECF No. 76. In their Second Amended Complaint, Plaintiffs further elaborated on the facts they allege support their claims and added an additional Plaintiff. *Id.* In fairness to Defendants and because Plaintiffs' Second Amended Complaint was filed after their Motion for Summary Judgment, Defendants were given until July 23, 2014 to provide supplemental briefing in support of their Motion. ECF No. 75. Defendants, however, declined to provide supplemental briefing by July 23, 2014. Accordingly, the Court will only consider their original briefing.

**2.     Applicable Law:**

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a

reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).

The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012).

**3.     Discussion:**

As noted above, Plaintiffs raise four categories of claims in their Second Amended Complaint: (1) civil rights violations pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985; (2) Arkansas Governmental Tort Liability Act violation, Ark. Code Ann. § 21-9-301; (3) state-law claim of conversion; and (4) Arkansas Governmental Tort Liability Act violation, Ark. Code Ann. § 16-55-205. ECF No. 76. Relevant in this case, Plaintiff's federal claims are made pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Thus, the Court will first consider whether those claims are actionable. After deciding that issue, the Court will then consider the state-law claims.

**A.     Federal Claims Against Defendants**

Plaintiffs claims Defendants are liable under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 for allegedly illegally towing private vehicles from private property. ECF No. 76. Although Plaintiffs' claims against Defendants appear to be extensive (and encompass sixty-five pages in their Second Amended Complaint), the essence of Plaintiffs' federal claim is that their vehicles were seized

"without a court order and procedural due process hearing." *Id.* ¶ 2.

Upon review, Court finds Plaintiffs' claims against Defendants should be dismissed. The controlling case is *Allen v. City of Kinloch,* 763 F.2d 335, 336 (8th Cir. 1985). In *Allen,* the Eighth Circuit directly addressed the claims Plaintiffs bring in this action: (1) what due process protections are required prior to a municipality taking a private vehicle from private property; and (2) whether the federal court may grant relief to Plaintiffs for the allegedly unlawful towing of their vehicles. The Court will address both of these issues.

As for due process, in *Allen,* the Eighth Circuit found due process does not require pre-deprivation notice and a hearing. As they held, "[t]he constitutional issue here is what process was due Allen [the plaintiff]. It appears settled that municipalities authorizing towing of illegally parked cars *are not required by the Constitution* to establish pre-deprivation notice and hearing procedures." *Id.* at 336 (emphasis added). Thus, to the extent Plaintiffs claim these ordinances are unconstitutional because they do not provide for sufficient notice and a hearing prior to towing, Plaintiffs' claim is without merit, and *Allen* clearly holds those ordinances are constitutional.[3]

As far as Plaintiffs' proper remedy, the Eighth Circuit held that if an individual's property is taken as a result of a "random and unauthorized act by a state employee," the remedy is to use state tort law, such as a replevin action. *See Allen,* 763 F.3d at 337. The remedy is not to pursue a Section 1983 action. *See id. See also Light v. Blackwell,* 472 F. Supp. 333, 337 (E.D. Ark. June 1, 1979), *aff'd,* 620 F.2d 307 (8th Cir. 1980) (holding "[t]he fact that there allegedly has been a taking of

---

[3] It is worth noting, however, based upon the information Plaintiffs have submitted, that the City of Texarkana, Arkansas does give ten-days notice prior to towing. *See* ECF No. 1-1 at 5 ("For cars on private property, the owner had ten days to correct it"). This is consistent with the city ordinances on this issue. *See* ECF No. 1-2 (Sections 15-70 for "Abandoning vehicle" and 15-71 for "Removal and impounding of vehicles; notice; right of entry"). Thus, pre-towing notice is actually provided.

plaintiffs' property without compensation or before any condemnation has taken place does not mean plaintiffs' constitutional rights were violated, since compensation is available under Pennsylvania law. . . . Furthermore, to adjudicate the claims plaintiffs assert herein would be an unwarranted interference with state court jurisdiction").

Plaintiffs should be seeking recovery in state court even if the damages in a state tort action are less than the damages Plaintiffs could recover in a Section 1983 action. *See id.* (*citing Hudson v. Palmer,* 468 U.S. 517 (1984)). In *Allen,* the Eighth Circuit applied Missouri law and found "a person claiming the right to possession of personal property wrongfully detained by another may bring an action in replevin." *Id.* In Arkansas, a replevin action is also available, *See* Arkansas. Code Annotated § 18-60-804 (1973), and this action is the proper remedy for Plaintiffs in this case. Because a Section 1983 is not the proper avenue for the relief Plaintiffs seek, Plaintiffs' federal claims should be dismissed.

### B. State-Law Claims Against Defendants

As noted above, Plaintiffs also allege several state-law claims: Arkansas Governmental Tort Liability Act violation, Ark. Code Ann. § 21-9-301; state-law claim of conversion; and Arkansas Governmental Tort Liability Act violation, Ark. Code Ann. § 16-55-205. ECF No. 76. Because no federal claims remain and because the state court is the proper forum for addressing Plaintiffs' claims in this case, the district court should decline to exercise supplemental jurisdiction over these state-law claims. *See* 28 U.S.C. § 1367(c)(3).

### 4. Conclusion:

Based upon the foregoing, the Court recommends Defendants' Motion for Summary Judgment (ECF No. 56) be **GRANTED**, and Plaintiffs' claims against Defendants City of

Texarkana, Arkansas; N. Wayne Smith; Paul Hackleman; Nina Walker; Bubba Green; and Bubba Green Towing & Automotive Center should be dismissed in their entirety.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 13th day of August 2014.**

        /s/   Barry A. Bryant  
        HON. BARRY A. BRYANT  
        U.S. MAGISTRATE JUDGE