IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LANEY HARRIS, KEITH BURSEY,
and FRED BURSEY                                                                                     PLAINTIFFS

vs.                                            Civil No. 4:12-cv-04050

CITY OF TEXARKANA, ARKANSAS,
N. WAYNE SMITH, PAUL HACKELMAN,
BUBBA GREEN,
BUBBA GREEN TOWING & AUTOMOTIVE CENTER,
NINA WALKER, and BRENDA JOYCE GREEN                                  DEFENDANTS

**REPORT AND RECOMMENDATION
OF A UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants Loyd Green and Loyd Green Wrecker Service, Inc.'s Motion for Summary Judgment.[1] ECF No. 53. Defendants filed this Motion on January 14, 2014. *Id.* On January 28, 2014, Plaintiffs responded to this Motion. ECF Nos. 62-63. This Motion is now ripe for consideration.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to the Court for the purpose of making a report and recommendation. In accordance with that referral, and consistent with the following reasoning, the Court recommends Defendants Loyd Green and Loyd Green Wrecker Service, Inc.'s Motion for Summary Judgment

---

[1] Loyd Green is deceased, and both Loyd Green and Loyd Green Wrecker Service, Inc. have been replaced by the Estate of Loyd Green, Brenda Joyce Green as executrix. *See* ECF Nos. 30, 79. Accordingly, it appears the Defendant actually requesting this relief is the Estate of Loyd Green, Brenda Joyce Green as executrix. However, since the time Loyd Green and Loyd Green Wrecker Service, Inc. were dismissed from this case, Plaintiffs filed a Second Amended Complaint again naming Loyd Green and Loyd Green Wrecker Service, Inc. ECF No. 76. Thus, to the extent Loyd Green, Loyd Green Wrecker Service, Inc., and the Estate of Loyd Green, Brenda Joyce Green as executrix are still Defendants in this action, this Report and Recommendation applies to all of them. The Court will simply refer to these separate Defendants as "Defendants" for purposes of this report and recommendation.

1

(ECF No. 53) be **GRANTED** in its entirety.

1. <u>Background:</u>

Plaintiffs originally filed their *pro se* Complaint in this matter on May 4, 2012. ECF No. 1. Thereafter, Plaintiffs filed a First Amended Complaint (ECF No. 26) and a Second Amended Complaint (ECF No. 76). Thus, the current Complaint before the Court is Plaintiff's sixty-five page Second Amended Complaint. *See In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir. 2000) (recognizing that "[i]t is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

In their Second Amended Complaint, Plaintiffs raise a number of allegations. ECF No. 76. Specifically, Plaintiffs allege the following[2]: (1) civil rights violations pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985; (2) Arkansas Governmental Tort Liability Act violation, Ark. Code Ann. §

---

[2] In their Second Amended Complaint, Plaintiffs label these as the following eighteen (Plaintiffs allege there are seventeen but there are actually eighteen) counts (I to XVIII): (I) "Violation of civil rights pursuant to Title 42 U.S.C. § 1983 (general allegations constitution protected rights)"; (II) "Violation of civil rights pursuant to Title 42 U.S.C. § 1983 (failure to implement appropriate policies, customs and practices)"; (III) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (Abuse of Police Power)"; (IV) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983, § 1985 (Retaliation)"; (V) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983, § 1985 (Public Humiliate)"; (VI) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (Separation of Power)"; (VII) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (Race and nation origin)"; (VIII) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (Void for vagueness doctrine)"; (IX) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (Deprivation of Property without Due Process of Law)"; (X) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (Bad Faith)"; (XI) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (Malicious Prosecution)"; (XII) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (Failure to train and supervise)"; (XIII) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 and § 1985 (Conspiracy)"; (XIV) "Arkansas Governmental Tort Liability Act Pursuant to A.C.A. § 21-9-301/Arkansas Common Law (Negligence)"; (XV) "Arkansas Governmental Tort Liability Act Pursuant to A.C.A. § 21-16-301/Arkansas Common Law (Negligent Supervision)"; (XVI) "Arkansas Governmental Tort Liability Act Pursuant to A.C.A. § 21-9-301/Arkansas Common Law (Conspiracy)"; (XVII) "Arkansas Governmental Tort Liability Act Arkansas Common Law (Conversion)"; and (XVIII) "Arkansas Governmental Tort Liability Act Pursuant to A.C.A. § 16-55-205/Arkansas Common Law (Acting in concert)." For ease of reference, the Court has condensed these allegations into the four different categories listed above.

21-9-301; (3) state-law claim of conversion; and (4) Arkansas Governmental Tort Liability Act violation, Ark. Code Ann. § 16-55-205. *Id.*

Thereafter, Defendants filed the current Motion which Defendants entitled a "Motion for Summary Judgment." ECF No. 53. With this Motion, however, Defendants have attached no supporting documentation, including no affidavits, declarations, or discovery responses. *See* ECF Nos. 53-55. Defendants' entire Motion is based upon what is included in the pleadings. Thus, this Motion should more properly be treated as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

In their Motion, Defendants argue Plaintiffs' claims against them should be dismissed because they are not state actors. ECF No. 53 ¶ 12. Defendants argue that because they are not state actors, Plaintiffs have failed to allege a cause of action against them. *Id.* Plaintiffs responded to Defendants' Motion on January 28, 2014. ECF Nos. 62-63. With their response, Plaintiffs claim their case should not be dismissed because fact issues remain as to their claims against Defendants. *Id.*

On February 26, 2014, after Defendants' Motion was filed, Plaintiffs were granted leave to file their Second Amended Complaint. ECF No. 76. In their Second Amended Complaint, Plaintiffs further elaborated on the facts they allege support their claims and added an additional Plaintiff. *Id.* In fairness to Defendants and because Plaintiffs' Second Amended Complaint was filed after their Motion for Summary Judgment, Defendants were given until July 23, 2014 to provide supplemental briefing in support of their Motion. ECF No. 75. Defendants, however, declined to provide supplemental briefing by July 23, 2014. Accordingly, the Court will only consider their original briefing.

2. **Applicable Law:**

A motion for judgment on the pleadings is authorized by Federal Rule of Civil Procedure 12(c). According to this rule, "After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Such a motion is governed by the same standards as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Gallagher v. City of Clayton,* 699 F.3d 1013, 1016 (8th Cir. 2012) ("We review *de novo* a district court's grant of a motion for judgment on the pleadings, using the same standard as when we review the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)"). Accordingly, the standards for a motion to dismiss under Rule 12(b)(6) will be applied with the current Motion.

When analyzing a 12(b)(6) claim, the factual allegations included in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *See Hanten v. School Dist. of Riverview Gardens,* 183 F.3d 799, 805 (8th Cir. 1999). "The complaint should be dismissed 'only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations.'" *St. Croix Waterway Assoc. v. Meyer,* 178 F.3d 515, 519 (8th Cir. 1999) (internal citation omitted). A complaint should not be dismissed "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would demonstrate entitlement to relief." *Gordon v. Hansen,* 168 F.3d 1109, 1113 (8th Cir. 1999). "At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. Gen. Motors Corp.,* 172 F.3d 623, 627 (8th Cir. 1999).

3. **Discussion:**

As noted above, Plaintiffs raise four categories of claims in their Second Amended Complaint: (1) civil rights violations pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985; (2)

Arkansas Governmental Tort Liability Act violation, Ark. Code Ann. § 21-9-301; (3) state-law claim of conversion; and (4) Arkansas Governmental Tort Liability Act violation, Ark. Code Ann. § 16-55-205. ECF No. 76. Relevant in this case, Plaintiff's federal claims are made pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Thus, the Court will first consider whether those claims are actionable. After deciding that issue, the Court will then consider the state-law claims.

### A. Federal Claims Against Defendants

Plaintiffs claims Defendants are liable under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 for allegedly illegally towing private vehicles from private property. ECF No. 76. Although Plaintiffs' claims against Defendants appear to be extensive (and encompass sixty-five pages in their Second Amended Complaint), the essence of Plaintiffs' federal claim is that their vehicles were seized "without a court order and procedural due process hearing." *Id.* ¶ 2.

In response, Defendants claim they are not liable because they are not state actors. ECF No. 54. Defendants claim they only qualify as state actors if they tow a vehicle as a part of a criminal investigation: "It has been determined that private towing companies are generally considered a state actor only when they tow and store a vehicle at the behest of law enforcement for a criminal investigation. *Smith v. Insley's Inc.,* 499 F.3d 875, 880 (8th Cir. 2007)." ECF No. 54 at 3. This is simply an incorrect statement of the law. In *Smith,* the U.S. Court of Appeals for the Eighth Circuit found Insley was operating as a state actor when it towed vehicles "as part of an official criminal investigation," but *it did not limit* the scope of a state actor to include *only* vehicles towed as a part of an "official criminal investigation." *Smith,* 499 F.3d at 880.

The actual standard for determining whether Defendants qualify as "state actors" is not nearly as limited as Defendants allege. Indeed, "[t]o be liable under § 1983, a private actor must be a 'a

5

willful participant in joint activity with the State' in denying a plaintiff's constitutional rights." *Magee v. Trustees of Hamline Univ., Minn.,* 747 F.3d 532, 536 (8th Cir. 2014) (internal citation omitted). Here, Plaintiffs have alleged Defendants are "co-conspirators" in the purported illegal towing. ECF No. 76 ¶ 11. Because Defendants have provided no evidence in support of their Motion demonstrating they were not "co-conspirators" and were not "willful" participants in the allegedly illegal conduct, the Court must assume Plaintiffs' allegations on this issue are true. *See Hanten,* 183 F.3d at 805 (holding a plaintiff's allegations must be accepted as true).

Defendants further argue in their briefing that there is no "cause of action" stated against them. ECF No. 54 at 3. Defendants raise this argument without providing any legal support. *Id.* Upon review of Plaintiffs' Second Amended Complaint, Plaintiffs raise eighteen different causes of action against Defendants. Thus, based on Defendants' motion alone, it is unclear how Plaintiffs have not stated a cause of action against them.

However, despite these arguments or more importantly lack of argument, the Court still finds, based upon the pleadings, that Plaintiffs' claims against Defendants should be dismissed. The controlling case is *Allen v. City of Kinloch,* 763 F.2d 335, 336 (8th Cir. 1985). In *Allen,* the Eighth Circuit directly addressed the claims Plaintiffs bring in this action: (1) what due process protections are required prior to a municipality taking a private vehicle from private property; and (2) whether the federal court may grant relief to Plaintiffs for the allegedly unlawful towing of their vehicles. The Court will address both of these issues.

As for due process, in *Allen,* the Eighth Circuit found due process does not require pre-deprivation notice and a hearing. As they held, "[t]he constitutional issue here is what process was due Allen [the plaintiff]. It appears settled that municipalities authorizing towing of illegally parked

cars *are not required by the Constitution* to establish pre-deprivation notice and hearing procedures." *Id.* at 336 (emphasis added). Thus, to the extent Plaintiffs claim these ordinances are unconstitutional because they do not provide for sufficient notice and a hearing prior to towing, Plaintiffs' claim is without merit, and *Allen* clearly holds those ordinances are constitutional.[3]

As far as Plaintiffs' proper remedy, the Eighth Circuit held that if an individual's property is taken as a result of a "random and unauthorized act by a state employee," the remedy is to use state tort law, such as a replevin action. *See Allen,* 763 F.3d at 337. The remedy is not to pursue a Section 1983 action. *See id. See also Light v. Blackwell,* 472 F. Supp. 333, 337 (E.D. Ark. June 1, 1979), *aff'd,* 620 F.2d 307 (8th Cir. 1980) (holding "[t]he fact that there allegedly has been a taking of plaintiffs' property without compensation or before any condemnation has taken place does not mean plaintiffs' constitutional rights were violated, since compensation is available under Pennsylvania law. . . . Furthermore, to adjudicate the claims plaintiffs assert herein would be an unwarranted interference with state court jurisdiction").

Plaintiffs should be seeking recovery in state court even if the damages in a state tort action are less than the damages Plaintiffs could recover in a Section 1983 action. *See id.* (*citing Hudson v. Palmer,* 468 U.S. 517 (1984)). In *Allen,* the Eighth Circuit applied Missouri law and found "a person claiming the right to possession of personal property wrongfully detained by another may bring an action in replevin." *Id.* In Arkansas, a replevin action is also available, *See* Arkansas. Code Annotated § 18-60-804 (1973), and this action is the proper remedy for Plaintiffs in this case.

---

[3] It is worth noting, however, based upon the information Plaintiffs have submitted, that the City of Texarkana, Arkansas does give ten-days notice prior to towing. *See* ECF No. 1-1 at 5 ("For cars on private property, the owner had ten days to correct it"). This is consistent with the city ordinances on this issue. *See* ECF No. 1-2 (Sections 15-70 for "Abandoning vehicle" and 15-71 for "Removal and impounding of vehicles; notice; right of entry"). Thus, pre-towing notice is actually provided.

Because a Section 1983 is not the proper avenue for the relief Plaintiffs seek, Plaintiffs' federal claims should be dismissed.

    **B.**  **State-Law Claims Against Defendants**

As noted above, Plaintiffs also allege several state-law claims: Arkansas Governmental Tort Liability Act violation, Ark. Code Ann. § 21-9-301; state-law claim of conversion; and Arkansas Governmental Tort Liability Act violation, Ark. Code Ann. § 16-55-205. ECF No. 76. Because no federal claims remain and because the state court is the proper forum for addressing Plaintiffs' claims in this case, the district court should decline to exercise supplemental jurisdiction over these state-law claims. *See* 28 U.S.C. § 1367(c)(3).

**4.**  **Conclusion:**

Based upon the foregoing, the Court recommends Defendants' Motion (ECF No. 53) be **GRANTED**, and Plaintiffs' claims against Loyd Green, Loyd Green Wrecker Service, Inc., and the Estate of Loyd Green, Brenda Joyce Green as executrix be dismissed in their entirety.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 13th day of August 2014.**

                  /s/  Barry A. Bryant  
                  HON. BARRY A. BRYANT  
                  U.S. MAGISTRATE JUDGE