IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LANEY HARRIS; KEITH BURSEY;
and FRED BURSEY                                                                        PLAINTIFFS

VS.                                      CASE NO. 12-CV-4050

CITY OF TEXARKANA, ARKANSAS;
N. WAYNE SMITH; PAUL HACKELMAN;
BUBBA GREEN; BUBBA GREEN TOWING &
AUTOMOTIVE CENTER; NINA WALKER; and
BRENDA JOYCE GREEN                                                                     DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed on August 13, 2014 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 92). Judge Bryant recommends that the Motion for Summary Judgment (ECF No. 56) filed on behalf of Separate Defendants City of Texarkana, Arkansas; N. Wayne Smith; Paul Hackleman; Nina Walker; Bubba Green; and Bubba Green Towing & Automotive Center be granted. Plaintiffs have filed objections to the Report and Recommendation. (ECF No. 95). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation in part and declines to adopt in part.

Judge Bryant correctly categorized Plaintiffs' numerous claims against Defendants as follows: (1) civil rights violations pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985; (2) Arkansas Governmental Tort Liability Act violation, Ark. Code Ann. § 21-9-301; (3) state-law claim of conversion; and (4) Arkansas Governmental Tort Liability Act violation, Ark. Code Ann. § 16-55-205. Plaintiffs allege that city ordinances authorizing the towing of vehicles from

private property are unconstitutional and deprive Plaintiffs of pre-deprivation due process. Plaintiffs also allege that the towings amount to the conversion of property.

Judge Bryant's Report and Recommendation first addressed Plaintiffs' allegations of civil rights violations pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Judge Bryant correctly noted that the "essence of Plaintiffs' federal claim is that their vehicles were seized 'without a court order and procedural due process hearing.'" (ECF No. 76, par. 2). Due process does not require that a municipality establish pre-deprivation notice and hearing procedures in order to tow cars from private property pursuant to a city ordinance. *Allen v. City of Kinloch*, 763 F.2d 335, 336 (8th Cir. 1985). Accordingly, Plaintiffs' claims that the ordinances in this case are unconstitutional because they do not provide for sufficient notice or a hearing are without merit.[1]

Judge Bryant's Report and Recommendation went on to discuss whether the Court could nonetheless grant relief to Plaintiffs if the towing of a vehicle was the result of a "random and unauthorized act by a state employee." *Id*. at 337. Judge Bryant concluded that an adequate remedy existed in state tort law and that dismissal of the federal claim was warranted. Plaintiffs point out in their objections that this case does not really involve a "random unauthorized act" by a state employee. (ECF No. 95, p. 26). Rather, state employees were acting pursuant to their authority under the city ordinances. The Court agrees. However, this does not change the outcome of Plaintiffs' civil rights claims. As explained above, an ordinance is not unconstitutional simply because it does not provide for a hearing prior to towing a vehicle. The analysis of Plaintiffs' claims should stop there. There is no need to discuss whether the federal

---

[1] Moreover, it appears that that the City of Texarkana does give ten-days' notice prior to towing vehicles under the ordinance at issue in this case. ECF No. 1-1 at 5 ("For cars on private property, the owner had ten days to correct it[.]"). ECF No. 1-2 (Sections 15-70 for "Abandoning vehicle" and 15-71 for "Removal and impounding of vehicles; notice; right of entry"). Thus, pre-deprivation notice appears to have been provided to Plaintiffs.

court may grant relief to Plaintiffs for the random, unauthorized towing of their vehicles because Plaintiffs are not alleging that the towings were random or unauthorized.

After reviewing Plaintiffs' objections in their entirety, the Court overrules the remainder of Plaintiffs' objections and adopts Judge Bryant's Report and Recommendation in part and declines to adopt in part. Specifically, the Court declines to adopt paragraphs four and five under subpart A which discuss whether a proper remedy exists in cases where property is taken as a result of a "random and unauthorized act by a state employee."

For the reasons stated herein and above, as well as those contained in the Report and Recommendation, Defendants' Motion for Summary Judgment (ECF No. 56) should be and hereby is **GRANTED**. Plaintiffs' claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 are hereby **DISMISSED WITH PREJUDICE**. The remainder of Plaintiffs' claims arise under state law. The Court declines to exercise supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, Plaintiffs' state law claims are **DISMISSED WITHOUT PREJUDICE**.[2]

IT IS SO ORDERED, this 17th day of September, 2014.

    /s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] Because Plaintiffs are *pro se*, the Court would like to clarify that this dismissal "without prejudice" means that Plaintiffs are free to re-file all of their state claims against these same defendants in state court. The Court has not entered a judgment on the merits of these state claims.